IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JACQUELYN K. KNIGHT, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| AMERICOLD LOGISTICS, LLC | |
| Defendant. | |

## COMPLAINT

Plaintiff, Jacquelyn K. Knight (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against Americold Logistics, LLC, (hereinafter "Defendant), and states as follows:

## INTRODUCTION

1.

Plaintiff brings this action against Defendant, for damages and all available relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the Pregnancy Discrimination Act of 1978 ("PDA"), which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et. seq., 42 U.S.C. §1981, Gender Discrimination and Retaliation under Title VII of the Civil Rights Act of 1964.

## ADMINISTRATIVE PROCEDURES

2.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action. Plaintiff filed her Charge of Discrimination against Americold Logistics, LLC on February 2, 2022. The EEOC issued its Notice of Right to Sue on October 10, 2022.

3.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## JURISDICTION AND VENUE

4.

Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. § 12101 et seq., 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 12117.

5.

This Court is an appropriate venue for all Plaintiff's claims under 28 U.S.C. § 1391(b), because all of the parties reside within the Southern District of Georgia, and all or a substantial majority of the events giving rise to Plaintiff's claims occurred in the judicial district.

## PARTIES

6.

Plaintiff was hired by Defendant on or about September 27, 2021.

7.

At all times relevant Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

Defendant may be served by delivering a copy of the summons and complaint upon the registered agent CT Corporation System, located at 289 S. Culver St., Lawrenceville, GA 30046.

9.

Defendant is now and, at all times relevant hereto, has been a foreign Limited Liability Corporation licensed to conduct business in Georgia.

10.

Plaintiff is an "employee" as defined by Title VII of the Civil Rights Act and the Pregnancy Discrimination Act.

11.

Defendant is an "employer" as defined by Title VII of the Civil Rights Act and the Pregnancy Discrimination Act.

## FACTUAL ALLEGATIONS

12.

Ms. Knight began working for Defendant on or about September 27, 2021 as an Inventory Control Clerk.

13.

Plaintiff performed her job duties well while working for the Defendant.

14.

On or about October 11, 2021, Plaintiff discovered that she was six (6) weeks pregnant two (2) weeks after she started working for Defendant.

15.

When Plaintiff found out that she was pregnant, she immediately notified her Supervisor Stacey Pellegrino.

16.

Plaintiff's pregnancy did not adversely affect her job duties.

17.

Plaintiff advised her supervisor that she could continue to perform her job duties as assigned but she would not be able to lift the required seventy (70) pounds due to her pregnancy.

18.

Plaintiff's supervisor, Stacey Pellegrino initially provided Plaintiff with an accommodation for a few days.

19.

After a few days went by, Plaintiff referred to her handbook for direction on how to proceed.

20.

On or about October 22, 2021, Plaintiff obtained documentation from her medical provider which stated that she should abstain from extreme cold temperatures as well as lifting anything greater than thirty (30) pounds and have bathroom breaks as needed.

21.

When Plaintiff received the documentation from her medical provider, Plaintiff spoke with her supervisor Stacey Pellegrino and Stacey advised her to contact Human Resources to assist Plaintiff further with an accommodation.

22.

Plaintiff then took the medical documentation that she received from her doctor to the Human Resources Coordinator, Tyshajuana Stevens.

23.

While the Plaintiff was in Ms. Stevens' office, she asked the Plaintiff to e-mail her the medical documentation.

24.

Upon receipt of the documentation, Ms. Stevens advised the Plaintiff to step out of her office so that she could talk with her supervisor Michelle Morris.

25.

Ms. Stevens forwarded the medical documentation to her supervisor Michelle Morris.

26.

After a few minutes, Ms. Stevens asked the Plaintiff to come back in her office and Ms. Stevens told the Plaintiff "We don't accommodate pregnancies."

27.

Plaintiff was confused with her response so she pulled up the company handbook on her telephone and showed Ms. Stevens where it stated in the handbook what needed to be done for an accommodation.

28.

Ms. Stevens then advised the Plaintiff that the handbook she received was an old version and that the company does not accommodate pregnancies.

29.

Ms. Stevens advised the Plaintiff that she would have to go home for the rest of the day.

30.

The Plaintiff went home as she was instructed as the company refused to accommodate her per her medical provider's instructions.

31.

Later that afternoon on October 22, 2021, Plaintiff received a telephone call from Michelle Morris and advised the Plaintiff that they would not provide her an accommodation per her doctor's instructions and that she had to return to work or would be terminated.

32.

Defendant terminated the Plaintiff on or about October 22, 2021, because of her pregnancy, and denied Plaintiff's request for a reasonable accommodation because of her pregnancy.

**COUNT I**
**Pregnancy Discrimination Under**
**Pregnancy Discrimination Act & Title VII**

33.

Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 32 as though fully stated herein.

34.

Defendant discriminated against Plaintiff based her on her pregnancy.

35.

Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against her as set forth above.

36.

Defendant and its managers knew or should have known of the discrimination and unlawful targeting of Plaintiff.

37.

Based on the conduct described in this Complaint, Defendant is liable for discrimination in violation of the Pregnancy Discrimination Act and Title VII.

38.

The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

## COUNT II
## RETALIATION UNDER TITLE VII

39.

Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 38.

40.

Defendant engaged in retaliation by subjecting Plaintiff to an adverse action by terminating Plaintiff for requesting a reasonable accommodation thereby engaging in protected activity and opposing illegal activity.

41.

Defendant engaged in unlawful retaliation against Plaintiff, in violation of 42 U.S.C. § 2000e et seq., Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

42.

Defendant's retaliatory conduct, in violation of Title VII, caused Plaintiff to suffer a loss of pay and benefits.

**WHEREFORE,** Plaintiff respectfully requests:

a. Judgment in favor of Plaintiff and against Defendant for violation under the Pregnancy Discrimination Act;

b.  Judgment in favor of Plaintiff and against Defendant for violation of the anti-discrimination/anti retaliation provisions of the under Title VII;

c.  Judgment in favor of Plaintiff and against Defendant for damages including lost earnings, reinstatement, front pay, and/or actual monetary losses suffered as a result of Defendant's conduct.

d.  Judgment in favor of Plaintiff and against Defendant for her reasonable attorney's fees and litigation expenses;

e.  Judgment in favor of Plaintiff and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617 (a)(1)(A)(iii) and,

f.  Declaratory judgment that Defendant's practices toward Plaintiff violate her rights under PDA.

g.  Trial by jury as to all issues;

h.  All other relief to which she may be entitled.

Dated this 6th day of January, 2023.

Respectfully submitted,

THE LEACH FIRM, P.A.

*/s/Adeash Lakraj*
Adeash A.J. Lakraj, Esq.
GA Bar No. 444848
631 S. Orlando Ave, Suite 300

         Wells Fargo Building
         Winter Park, FL 32789
         Telephone: 770.728.8478
         Facsimile: 833.423.5864
         Email: alakraj@theleachfirm.com